**Ezra M. JONES, Administrator of the Estate of Signe J. Cutler, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

Civ. A. No. 89–0708–R.

United States District Court, W.D. Virginia, Roanoke Division.

Feb. 10, 1993.

Thomas N. Key, Neil E. McNally, Key & Tatel, Roanoke, VA, for plaintiff.

Lonnie D. Nunley, III, Brian V. Otero, Hunton & Williams, Richmond, VA, for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Ezra M. Jones, administrator of the estate of Signe Cutler, deceased, brought suit against the United States of America and the Prudential Insurance Company of America (Prudential) to recover insurance proceeds on the life of Signe J. Cutler. By Order dated April 25, 1991, this court granted the United States' Motion to Dismiss. The case continues against Prudential. At the time of her death, Signe J. Cutler was a member of the United States Army on active duty in West Germany and was insured by Servicemen's Group Life Insurance in the amount of $50,-000.00. See 38 U.S.C. § 1965, *et seq.* Signe J. Cutler was killed in West Germany while riding in a vehicle operated by her husband, Sgt. Marcus L. Cutler, also a serviceman. Sgt. Cutler was paid the $50,000.00, as beneficiary under Signe J. Cutler's Servicemen's Group Life Insurance Policy. Sgt. Cutler was later convicted of negligent homicide and drunk driving under the Uniform Code of Military Justice. Plaintiff contends that the action of Prudential in paying the insurance proceeds to Sgt. Cutler were arbitrary, capricious, an abuse of discretion and not in accordance with law; that is, the defendant knew

or should have known that such an award was contrary to public policy.

Jurisdiction is pursuant to 38 U.S.C. § 775. The plaintiff and the defendant, respectively, filed motions for summary judgment with supporting affidavits. The court heard oral argument on December 1, 1992, and the matter is now ready for resolution.

## DISCUSSION

Under Fed.R.Civ.P. 56, the court may grant judgment as a matter of law if there is no genuine dispute of material fact, and the movant is entitled to a judgment as a matter of law. *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972 (4th Cir.1990). All reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). A party moving for summary judgment is entitled to the same as a matter of law where the party opposing the motion has failed to make sufficient showing of an essential element of his case on which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Further, the party opposing a properly supported motion for summary judgment may not rest upon mere allegations in his pleading but must set forth specific facts that show there is a genuine issue for trial. *Rivanna Trawlers Unltd. v. Thompson Trawlers*, 840 F.2d 236, 240 (4th Cir.1988).

The essential facts are not in dispute. Signe J. Cutler was killed in an automobile accident on June 26, 1988. On July 29, 1988, Prudential, which operates the office of Servicemen's Group Life Insurance (see 38 U.S.C. § 1966), received from the United States Army Form DD 1300, "Report of Casualty," which stated that Signe Juanita Cutler had died on June 26, 1988, as the result of:

"Injuries received while the passenger of a privately owned vehicle that was involved in an accident."

Prudential also received from the Army VA Form 29–8286, "Servicemen's Group Life Insurance Election," indicating Signe J. Cutler had designated her beneficiaries "By Law." Pursuant to the beneficiary designation established by law, 38 U.S.C. § 1970, if no beneficiary is designated, the proceeds are payable to the "widow or widower of such member ..." 38 U.S.C. § 1970(a). Prudential received a VA Form SGLV–8283, a Claim Form, dated August 25, 1988, which had been completed by Sgt. Marcus Lee Cutler. Prudential, on September 20, 1988, issued a check which included the policy proceeds together with accumulated interest, and delivered the same to Sgt. Marcus Lee Cutler who negotiated the same. On or about February 19, 1989, Prudential received a letter from counsel for the plaintiff asserting a claim for the policy proceeds.

At the foundation of plaintiffs' claim is the theory that Sgt. Cutler was responsible for the death of his wife, and that this disqualified him as a matter of law from receiving the policy proceeds. The Servicemen's Group Life Insurance Act, 38 U.S.C. §§ 1965–1979, makes no provision for the situation where the designated beneficiary is implicated in the death of the insured. However, the courts interpreting the Act have applied the Common Law "slayer's rule" to prevent a beneficiary from profiting from his own wrong. *See Prudential Life Ins. Co. of America v. Tull*, 690 F.2d 848 (4th Cir.1982). However, the slayer's rule does not in every jurisdiction extend to unintentional homicides such as involuntary manslaughter or other lesser offenses. *See U.S. v. Kwasniewski*, 91 F.Supp. 847 (E.D.Mich.1950). Many jurisdictions look to the intent of the beneficiary. In those jurisdictions the test is "not whether the homicide is technically classified as murder or manslaughter or whether manslaughter in the latter case is voluntary or involuntary.... The true test is whether the beneficiary intentionally took the life of the insured." *Jackson v. Prudential Ins. Co. of Am.*, 106 N.J.Super. 61, 254 A.2d 141, 147 (1969).

■ There is no evidence that Sgt. Cutler intentionally took the life of his wife nor can this be implied from his operation of the vehicle while intoxicated. The Court Martial failed to find that Sgt. Cutler was guilty of "culpable negligence" amounting to involuntary manslaughter, but convicted him of the lesser offense of negligent homicide under Article 134. 10 U.S.C. § 934. Under these circumstances, Sgt. Cutler may have been the proper payee.

502

Even if he were not entitled to the insurance proceeds, there is no liability on Prudential. Payment was made on the basis of a valid legal notice received from the army and a completed application by Sgt. Cutler. Plaintiff alleges that when Prudential made payment to Sgt. Cutler its actions were "arbitrary, capricious, an abuse of discretion and not in accordance with law." There is simply no evidence to this effect. Prudential did not know, nor should it have known that Sgt. Cutler may have been disqualified from receiving payments. Prudential had no actual or constructive knowledge of any reason not to pay the proceeds to Sgt. Cutler. The information supplied to Prudential from the Army and from Sgt. Cutler in no way implicated Sgt. Cutler in the death of his wife. Prudential had no information which should have alerted it of any need for further investigative action. Prudential is therefore entitled to the summary judgment it seeks.

An appropriate Order will be entered this date.